Lian v. Holder

BIA
Nelson, I.J.
A089 855 319

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand fourteen.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

LONG CHUN LIAN,
> *Petitioner,*

v.                                          13-1048

                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Long Chun Lian, *pro se*, Brooklyn, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Long Chun Lian, a native and citizen of China, seeks review of a February 28, 2013 decision of the BIA affirming the February 23, 2011 decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Long Chun Lian*, No. A089 855 319 (B.I.A. Feb. 28, 2013), *aff'g* No. A089 855 319 (Immig. Ct. N.Y. City Feb. 23, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

We dismiss the petition as to asylum because we lack jurisdiction to review the agency's determination that Lian's asylum application is untimely. *See* 8 U.S.C. § 1158(a)(2)(B), (3). Although we retain jurisdiction to

2

review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Lian argues only that his relative's testimony should have been sufficient to establish his time of entry. Although Lian uses the words "due process," his argument merely disputes the agency's factual findings and does not raise a reviewable constitutional claim. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 333 (2d Cir. 2006).

We deny the petition as to withholding of removal and CAT relief because the agency's adverse credibility determination is supported by substantial evidence. The adverse credibility determination is supported by inconsistencies in the record and omissions in Lian's asylum application. First, the agency reasonably relied on Lian's omission of information regarding past harm from his application. *See Xiu Xia Lin*, 534 F.3d at 164 ("in evaluating an . . . applicant's credibility, an IJ may rely on omissions and inconsistencies"); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(iii) ("a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements ... [and] the internal consistency of each such statement").

3

The application states that Lian was beaten once, but Lian testified that he was beaten three or four times. Whether Lian's failure to identify each beating in his application is considered an omission, or if the application is considered inconsistent with his testimony, this discrepancy supports the adverse credibility determination. Lian's explanation–merely a restatement that he did not include the information–was insufficient to compel a reasonable fact finder to conclude that his testimony was credible. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)(providing that a petitioner "must demonstrate that his explanation for a discrepancy would compel a reasonable fact-finder to credit his testimony") (internal quotation marks and citations omitted)).

The agency also reasonably relied on the implausibility of Lian's testimony about his church attendance in New York. Lian testified that he lived in Florida from 2008 to 2010, but attended church in New York during that period by taking a 30-hour round-trip bus ride two or three times each month. Although the claimed travel may have been literally possible, the agency did not err in finding Lian's testimony about it implausible. In addition, testimony regarding his salary was incompatible with the amount he would have had to

4

spend on bus tickets and on payments to the snakehead who transported him to the United States. *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2009) (holding that where the IJ's findings are "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," an inherent implausibility finding should not be disturbed).

Given Lian's omissions regarding past harm as well as his implausible testimony regarding his church attendance, the record supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because all of Lian's claims share the same factual predicate, the adverse credibility determination is also dispositive of his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5